United States District Court
Southern District of Texas
ENTERED
September 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRISTIAN HERMAIN DE LA FUENTE-TEJADA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5663 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Cristian Hermain De la Fuente-Tejada ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2002.[1] On June 29, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE").[2] That same day Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process and separation of powers

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 19; Motion to Stay and, in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 2.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, pp. 2, 5.

[4]Respondents' MSJ, Docket Entry No. 5, p. 2.

principles.[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner's detention does not violate due process because he is legally detained under § 1225(b)(2) as an applicant for admission.[6] Petitioner has filed a response.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez, 166 F.4th at 498, 502. This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "claims related to separation of powers fail because habeas corpus is available as a judicial remedy to challenge immigration detention." Maldonado Lozano v. Blanche, Civil

---

[5]Habeas Petition, Docket Entry No. 1, pp. 9–13 ¶¶ 41–67. Petitioner also argues that he was unlawfully stopped and arrested. To the extent Petitioner is arguing that his arrest violated the Fourth Amendment, this argument is foreclosed because it relies on the assertion that the Government lacks the authority to detain him under § 1225. Portillo v. Tate, Civil Action No. H-26-0158 (S.D. Tex. Feb. 25, 2026).

[6]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

[7]Petitioner's Response in Opposition to Respondent's Motion to Stay, and in the Alternative, Motion to Dismiss and/or for Summary Judgment, Docket Entry No. 6.

Action No. 4:26-CV-02983, 2026 WL 1138372, at *1 (S.D. Tex. Apr. 21, 2026) (citing Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026)).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 10th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE